IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL MALOBABICH,<br>　　　　　Plaintiff,<br><br>　　　v<br><br>NORFOLK SOUTHERN CORPORATION<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)　2:11-cv-112<br>) |

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is DEFENDANT'S MOTION TO DISMISS CARL MALOBABICH'S COMPLAINT (Document No. 6). Defendant Norfolk Southern Corporation ("NS") filed a brief in support of its motion and attached multiple exhibits, including a copy of the Collective Bargaining Agreement ("CBA") it entered into with the International Brotherhood of Electrical Workers ("Union"). Plaintiff Carl Malobabich ("Malobabich") filed a response and brief in opposition to the motion and Defendant filed a reply brief. The motion is ripe for disposition.

Factual and Procedural Background

Malobabich is now 62 years old. In 2004, when Malobabich was 56 years old, NS hired him as a student electrician. Malobabich became a journeyman electrician in August 2007. Malobabich was the oldest electrician working on the second shift. He repeatedly bid for other jobs, but was relegated to work on the Routine Maintenance line. Plaintiff alleges that this action constituted age discrimination because younger electricians were able to obtain more desirable jobs. Defendant contends that the job bidding and bumping rights of employees are mandated by the CBA, and are based on seniority, not age. In November 2008, Malobabich filed charges of

1

discrimination with the EEOC and PHRC.  On December 13, 2010, Malobabich was suspended from work without pay.

Malobabich filed a three-count Complaint which asserts: (1) a claim under the federal Age Discrimination in Employment Act ("ADEA"); (2) a parallel age-discrimination claim under the Pennsylvania Human Relations Act ("PHRA"); and (3) a tort claim for intentional infliction of emotional distress.  In the pending motion, Defendant seeks dismissal of all claims.  In his response, Malobabich concedes that he has not stated a valid claim for actions allegedly taken by NS after October 29, 2010 (the date the EEOC dismissed his administrative complaint), and that he has not stated a valid claim for intentional infliction of emotional distress.

Legal Analysis

As an initial matter, the Court must ensure that it may exercise subject-matter jurisdiction.  In this case, the jurisdictional analysis requires harmonization of two federal statutes.  The ADEA, 29 U.S.C. § 626(c)(1), provides that individuals who allege age discrimination may bring an action in federal court to obtain legal or equitable relief.  On the other hand, the Railway Labor Act ("RLA"), 45 U.S.C. § 151a et seq., establishes arbitration boards which have exclusive jurisdiction to resolve disputes over the interpretation or application of CBAs in the railroad industry.

In determining whether subject-matter jurisdiction exists, the Court is not limited to the allegations of the Complaint.  Rather, the Court may also consider extraneous evidence submitted by the parties.  *Blackwell v. American Airlines, Inc.*, 2003 WL 22159412 *2 (N.D. Ill. 2003) (citations omitted).  Accordingly, the Court takes judicial notice of the existence of the CBA between NS and the Union, and the seniority rules contained therein.  Notably, Malobabich

has not challenged the authenticity of the CBA, and indeed, counsel for Plaintiff has explained that he "is not alleging that Defendant violated the CBA." Plaintiff's Brief at 10.

There has been some disagreement among the various courts as to the proper test for determining whether the RLA takes precedence over discrimination statutes. The United States Court of Appeals for the Third Circuit has not conclusively ruled upon this issue.

Some cases have held that claims arising under discrimination statutes would be barred only if they raise a factual dispute or require interpretation of the terms of the CBA. *See, e.g., Ellis v. National Railroad Passenger Corp.*, 2004 WL 257392 (E.D. Pa. 2004) (race discrimination claim implicated employer's motives rather than CBA); *Stokes v. Norfolk Southern Railway Co.*, 99 F.Supp.2d 966 (N.D. Ind. 2000) (same, although Stokes alleged that the layoffs at issue also violated the CBA seniority rules); *Blakely v. US Airways, Inc.*, 23 F. Supp.2d 560 (W.D. Pa. 1998) (ADA claim not preempted); *Mosqueda v. Burlington Northern Santa Fe R.R.*, 981 F. Supp. 1403 (D. Kan. 1997) (Title VII race discrimination claim not preempted by RLA). In *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 261 (1994), the United States Supreme Court noted, in a similar context, that Congress did not intend to preempt state law rights that exist independent of a CBA. In essence, Malobabich contends that his right to be free from age discrimination under the ADEA and PHRA exists independently from the CBA.

Other cases have applied a broader preemption/preclusion rule.[1] In *International Ass'n of Machinists and Aerospace Workers Dist. Local Lodge 1776 v. Jackson*, 2010 WL 597247 (E.D. Pa. 2010), the Court stated: "When a claim is 'inextricably intertwined' or 'substantially dependent upon analysis of the terms of an agreement made between the parties in a labor

---

[1] Technically, the term "preclusion" applies to federal claims such as the ADEA, while the term "preemption" refers to state claims such as the PHRA, although the terms are often used interchangeably. Preemption of state law invokes consideration of federalism principles and the Supremacy Clause, while preclusion requires the Court to harmonize congressional intent as reflected in different statutes. *See, e.g., Brown v. Illinois Central R.R.*, 254 F.3d 654, 661-62 (7th Cir. 2001).

contract,' the claim is preempted." *Id*. at * 3 (citing *Wall v. Americold Corp.*, 1997 WL 431006 at *2 (E.D. Pa. July 15, 1997) and *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 & 220 (1985)). In *Wall*, the Court found that an employee's constitutional and tort claims for invasion of privacy arising from the search of his work locker were preempted because they were intertwined with the CBA. In *Blackwell*, the Court explained that if the heart of the dispute between the parties is "intertwined with the collective bargaining agreement," such that interpretation of the terms of the CBA is necessary to resolve the dispute, "the RLA will take precedence over the [ADEA], thereby denying a federal court subject matter jurisdiction over the dispute." 2003 WL 22159412 at *2. The *Blackwell* Court rejected the "narrow" preemption position that is being advocated by Malobabich and held that the employee's disability discrimination claims were preempted by the RLA. The Court reasoned:

> The conduct of American is not in question, as American admitted that it denied Blackwell's request to bid on other jobs she felt entitled to and denied her request to transfer to other locations. The issue before the Court is why American denied her requests. Blackwell claims American denied her requests by discriminating against her because of her disability, while American contends that it denied her requests because she was not entitled to these requests under the seniority, bidding, transfer, qualification and promotion provisions of the CBA. Therefore, the Court would have to look at the CBA to determine what the qualifications were for the jobs Blackwell claims she was entitled to, the procedures for bidding and transferring, and the seniority system in place. For these reasons, we find that resolution of the claims made in Count One of the Complaint requires an examination into, and interpretation of, the terms of the Collective Bargaining Agreement between Blackwell's Union and the Defendant American. Therefore, Blackwell's claims in Count One are preempted by the Railway Labor Act, and this Court has no jurisdiction to hear them.

*Id*. at * 3. The same scenario exists here. NS admittedly denied Malobabich's requests for job transfers, but contends that it did so in accordance with the seniority rules set forth in the CBA. The Court will unavoidably have to examine the CBA to determine the validity of the claims and the defense asserted by NS.

4

The Court concludes that it lacks jurisdiction under the facts and circumstances of this case. The age discrimination claims are not wholly independent from the CBA. Malobabich was hired as a 56-year-old student electrician and he does not dispute that the younger electricians had more seniority. His claim is adverse to the CBA seniority rights of his co-workers. Malobabich is not challenging the motives of NS, but instead, he facially challenges the CBA seniority rules as violative of the ADEA. In other words, he contends that NS committed age discrimination because it abided by the CBA seniority rules. Clearly, this dispute is inextricably intertwined with and requires interpretation of the CBA.

In addition, Congress has recognized that Malobabich's ADEA claim must be analyzed in conjunction with the CBA. Pursuant to the ADEA, 29 U.S.C. § 623(f)(2)(A): "It shall not be unlawful for an employer . . . to observe the terms of a bona fide seniority system that is not intended to evade the purposes of this chapter." This provision not only casts doubt on whether Malobabich can ultimately succeed on the merits of his claims, it also reflects the intent of Congress that his age discrimination claim be evaluated in the context of the seniority rules set forth in the CBA which is governed by the RLA. In *Brown*, 254 F.3d at 668, the United States Court of Appeals for the Seventh Circuit held that ADA claims were precluded because interpretation of the CBA seniority provisions could conclusively dispose of the claim. In sum, the Court concludes that it lacks subject-matter jurisdiction over this case.

In accordance with the foregoing, DEFENDANT'S MOTION TO DISMISS CARL MALOBABICH'S COMPLAINT (Document No. 6) will be **GRANTED**.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARL MALOBABICH**, <br> **Plaintiff,** <br><br> v <br><br> **NORFOLK SOUTHERN CORPORATION** <br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) **2:11-cv-112** <br> ) <br> ) |

## ORDER OF COURT

AND NOW this 10th day of May 2011, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that DEFENDANT'S MOTION TO DISMISS CARL MALOBABICH'S COMPLAINT (Document No. 6) is **GRANTED**. The clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Jason Plakosh, Esquire**
Email: jplakosh@hotmail.com

**Jaime S. Tuite, Equire**
Email: Jaime.Tuite@bipc.com
**Emilie R. Hammerstein, Esquire**
Email: emilie.hammerstein@bipc.com